Caruthers, J.,
delivered tbe opinion of tbe Court.
This is an indictment for illegal voting at tbe last election for President and Vice-President, in tbe county of Roane.
Tbe charge in tbe first count, is for a violation of the 3d section of tbe act of 1841, ch. 31, which provides :
“ That if any person shall vote more than once in tbe same election, either in tbe same or different counties, or civil districts, such person shall be guilty of a misdemeanor, &c,”
*588 The other count is for violating the 13th section, which makes it a misdemeanor to fraudulently take a ticket out or put one in the ballot-box.
The verdict was general, but the facts all relate to the case provided for in the 3d section of the act, embraced in the first count, and there is no pretense that there is any proof at all in-support of the second count.
The facts proved are, that the defendant presented himself as a voter, handed up his ballot to the officer holding the election, in presence of the judges, which was received, his name announced by the sheriff, and recorded by the clerks, and he immediately retired from the court house. But the sheriff on attempting to put it into the box, found some difficulty in passing it through the hole made for that purpose, which excited his attention, and suspicion, as well as that of the judges, who concluded it must be a double ticket, and ordered it to be opened, when they found that there were three ballots well fitted together, and twice folded, all for the same list of electors. The voter was then called for, but had left the house immediately upon handing up his ticket. The judges determined that one of the tickets should go into the box, and the other two be destroyed, and so the matter ended.
The Circuit Judge charged to the effect that these facts being found by the jury to be proved, would constitute the offense created by the 3d section, and embraced in the first count.
To this charge, two objections are taken:
1. It is insisted that one act of voting will not constitute the offense, no matter how many tickets may *589 be included, but that it must be at different places, or at all events, at different times; there must be more than one act of voting. This would be a very rigid construction of a great law passed to preserve the purity of elections, and save the ballot-box from fraud and corruption. The object of the act was, to prevent any one man from usurping the power of two or more, and fraudulently wielding more than his share of the popular sovereignty. All these abuses of the elective franchise, tend to sap the foundation of our institutions, and bring them into disrepute. But as to this offense, what did they mean by “ voting more than once in the same election?” What was the evil to be prevented? It was, that no man should enjoy and exert any but his own share of the popular power in elections — he should only have the power of one man. Whether he casts three votes at three different precincts, or at the same, or by three separate acts, or by one act, what can be the difference ? Is . not the mischief and the offense precisely the same? Such is the fair construction of the act, and that settles the first question. The Judge properly left it to the jury, to determine whether the three tickets were cast by mistake or design.
2. It is next contended with much earnestness, and we doubt not with entire sincerity, that there was no vote at all given in this case, that the facts proved do not make out a - case of voting. The act is not complete, it is argued, until the ballot goes into the box. We are unable to concur in this definition of the word vote. If a voter presents himself before the judges, hands his ticket to the officer holding the election, and *590 •bis name is announced and registered bj the clerks, with the sanction of the judges, the act is performed; he has voted. The act of the officer in putting the ballot into a box for safety, until the polls 'are closed, is not an element of the act, but a distinct duty of the officer. If he never passed it into his box, it would be none the less a vote, and the fact of voting complete. The construction contended for would save the guilty, merely because he was detected before the mischief was done, but after he done every thing that he could or had to do in the perpetration of the wrong. The argument against these conclusions is ingenious and forcible, but as we think, fallacious.
It is said that the Judge gave a wrong construction of the 13th section, the offense charged in the second count. So we think; but that could not possibly have prejudiced the defendant, as it had no reference to the facts of the case, and could not have misled the jury. There was no proof at all to support the second count, as there was no pretense that the three tickets given went into the ballot-box. If the verdict had been based on the second count, it would, therefore, have to be reversed, both upon the ground of error in the charge, and the want of proof. But it is a general finding, and one count fully sustained by the proof. The error of the charge consisted in holding, in effect, that if these tickets had been put into the box by the sheriff, it would have made a case under the 13th section. This was error, but is it possible even, that it could have had the least effect upon the finding of the jury? It was an abstraction in relation to the facts of the case, *591 and we can clearly see, worked no injury to the defendant. Eor such an error we cannot reverse.
Affirm the judgment.